UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEAN STREET CAPITAL ADVISORS,
LLC,

                              Plaintiff,

  -v-

OTOKA ENERGY CORP. *et al.*,

                            Defendants.

No. 15-cv-824 (RJS)
OPINION & ORDER

RICHARD J. SULLIVAN, District Judge:

      Plaintiff Dean Street Capital Advisors, LLC ("Dean Street") brings this diversity action against Defendants Otoka Energy LLC (formerly Otoka Energy Corporation) ("Otoka"), Amador Biomass, LLC ("Amador"), Buena Vista Biomass Power, LLC ("BVBP"), and Buena Vista Biomass Development, LLC ("BVBD"), alleging that Defendants breached an oral agreement to pay Plaintiff $200,000 in broker fees related to the financing of a power plant project in California. (Doc. No. 21, Compl. ¶ 1.) On February 1, 2016, the Court issued an opinion and order denying Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) without prejudice to renewal following jurisdictional discovery. (Doc. No. 31.) Now before the Court is Defendants' renewed motion for dismissal or summary judgment on the ground that Plaintiff cannot invoke the forum selection clause in an agreement between Amador and BVBD. (Doc. No. 44.) Because the Court relies on evidence submitted by the parties that is outside of Plaintiff's pleading, the Court treats Defendants' motion as one for summary judgment and, for the reasons that follow, grants the motion.[1]

---

[1] The Court notes that, although Defendants seek summary judgment as an alternative to dismissal, neither they nor Plaintiff have submitted a Local Civil Rule 56.1 statement. While "[f]ailure to submit such a statement may constitute grounds for denial" of a summary judgment motion, Local Civ. R. 56.1(a), the Court finds denial unwarranted in light

I. BACKGROUND[2]

In 2012, Defendants Amador, BVBD, and Otoka, along with Antrim Corporation, a subsidiary of State Street Bank & Trust, closed a $35 million deal to finance a power plant project in Ione, California, near Sacramento. (Doc. No. 21, Compl. ¶ 16.) To memorialize their agreement regarding the transaction, they executed two contracts: the Purchase and Sale Agreement (Doc. No. 46-3, Hanson Decl. Ex. C ("PSA")), and the Member Interest Purchase and Equity Capital Contribution Agreement ("ECCA"). The PSA states that the parties consent to personal jurisdiction for disputes arising under the PSA in the state and federal courts of New York. (PSA § 11.15.) Plaintiff, a non-party to the contracts that provides consulting services to entities seeking to raise capital, claims that it located funding for the power plant transaction and that Defendants agreed to pay Plaintiff a $200,000 finder's fee for that service. (Doc. No. 21, Compl. ¶ 2.)

Plaintiff commenced this action on February 4, 2015 (Doc. No. 1), and Defendants moved to dismiss for lack of personal jurisdiction on May 15, 2015 (Doc. No. 24). On February 1, 2016, as noted above, the Court denied that motion without prejudice to renewal, finding that (1) Plaintiff could not establish personal jurisdiction under New York's long-arm statute, but (2) Plaintiff might be able to enforce the PSA's New York forum selection clause if it could establish that the contracting parties intended to confer third-party beneficiary status on Plaintiff. (Doc. No. 31.)[3]

---

of the relatively small number of exhibits and affidavits submitted by the parties that are relevant to the narrow issue at hand. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (district courts have "broad discretion to determine whether to overlook a party's failure to comply with local court rules," including a failure to file a 56.1 statement).

[2] The following facts are drawn from the documents submitted by the parties in connection with Defendants' motion and, for background purposes only, the amended complaint. In resolving the instant motion, the Court has also considered Defendants' memorandum of law in support of their motion to dismiss (Doc. No. 45), Plaintiff's memorandum of law in opposition (Doc. No. 48 ("Opp'n")), and Defendants' reply (Doc. No. 49), as well as the documents submitted therewith.

[3] In its February 1 opinion and order, the Court also held that the ECCA "precludes Plaintiff from asserting jurisdiction based on that [a]greement" (Doc. No. 31 at 10); accordingly, the Court does not further discuss that agreement here.

Specifically, as explained in the Court's February 1 opinion and order, the PSA contains a forum selection clause establishing personal jurisdiction over the parties to the PSA in "the courts of the State of New York and the federal courts of the United States sitting in New York County." (PSA § 11.15.) While Defendants did not dispute that they would be subject to suit in the Southern District of New York for disputes related to the power plant transaction brought by *signatories* to the PSA, they argued that Plaintiff – a non-signatory third party – has no right to invoke the PSA's forum selection clause. In support of this argument, Defendants relied on the PSA's "negating clause," which disclaims, with certain exceptions, any intent to confer third-party beneficiary rights:

> Section 11.12  <u>No Third-Party Beneficiary</u>.  Except as provided hereinbelow, the terms and provisions of this Agreement are intended solely for the benefit of each party hereto and their respective successors or permitted assigns, and it is not the intention of the parties to confer third-party beneficiary rights upon any other Person other than any Person entitled to indemnity under <u>Article IX</u>; *provided, however*, that the Seller [BVBD] acknowledges that the Class B Investor [Antrim Corporation] may enforce any rights available to the Purchaser [Amador] hereunder.

(PSA § 11.12 (emphasis in original).)

Although the Court found that the foregoing provision was intended to exclude any third-party beneficiaries from the PSA unless an exception applies, the Court also found that the "hereinbelow" clause arguably reflects the contracting parties' intent to exempt Plaintiff from the negating clause, in light of a reference to Plaintiff's broker fee agreement in a schedule attached to the PSA. Specifically, Schedule 3.19 of the PSA, entitled "Brokers," states that, "[u]nder the terms of a verbal commitment by [BVBD], [Plaintiff] is entitled to receive $200,000 upon the closing of (1) the [PSA] and (2) the [ECCA]." (Doc. No. 46-4, Hanson Decl. Ex. D.) This schedule is also referenced in Section 3.19 of the PSA, which states that, "[e]xcept as set forth in [Schedule 3.19], no broker, finder, investment banker, or other person is entitled to any brokerage, finder's

3

Case 1:15-cv-00824-RJS   Document 50   Filed 02/02/17   Page 4 of 9

or other fee or commission in connection with the transactions contemplated under [the PSA]." (PSA § 3.19.)

Based on its review of the terms of the PSA, the Court found that it was not clear whether the word "hereinbelow" in Section 11.12 refers only to that section of the PSA, or whether the word applies more broadly to all subsequent portions of the PSA, including the reference to Plaintiff's fee in Schedule 3.19 appended to the end of the PSA. (Doc. No. 31 at 9–10.) Accordingly, the Court denied Defendants' motion to dismiss without prejudice to renewal following the completion of limited discovery regarding the intent of the contracting parties with respect to the "hereinbelow" clause. (*Id.* at 10–11.) The parties completed jurisdictional discovery on April 25, 2016. (Doc. No. 39.)

On May 31, 2016, Defendants filed a renewed motion for dismissal or in the alternative summary judgment, arguing that jurisdictional discovery has confirmed that the "hereinbelow" clause was not intended to exempt Plaintiff from Section 11.12's disclaimer of third-party beneficiary rights. (Doc. No. 44.) The motion was fully briefed by June 9, 2016. (Doc. No. 49.)

## II. LEGAL STANDARD

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment should be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is "no genuine dispute as to any material fact" where (1) the parties agree on all facts (that is, there are no disputed facts); (2) the parties disagree on some or all facts, but a reasonable fact-finder could never accept the nonmoving party's version of the facts (that is, there are no genuinely disputed facts), *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); or (3) the parties disagree on some or all facts, but even on the nonmoving party's version of the facts, the moving

4

party would win as a matter of law (that is, none of the factual disputes are material), *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether a fact is genuinely disputed, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996). Nevertheless, to show a genuine dispute, the nonmoving party must provide "hard evidence," *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998), "from which a reasonable inference in [its] favor may be drawn," *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 148 (2d Cir. 2007). "Conclusory allegations, conjecture, and speculation," *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998), as well as the existence of a mere "scintilla of evidence in support of the [nonmoving party's] position," *Anderson*, 477 U.S. at 252, are insufficient to create a genuinely disputed fact. A moving party is "entitled to judgment as a matter of law" on an issue if (1) it bears the burden of proof on the issue and the undisputed facts meet that burden; or (2) the nonmoving party bears the burden of proof on the issue and the moving party "'show[s]' – that is, point[s] out . . . – that there is an absence of evidence [in the record] to support the nonmoving party's [position]." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

### III. DISCUSSION

Plaintiff bears "the ultimate burden of proving the court's jurisdiction by a preponderance of the evidence." *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir. 1983). To defeat Defendants' motion for summary judgment for lack of personal jurisdiction, Plaintiff must put forth "'an averment of facts that, if credited by the trier, would suffice to establish jurisdiction'" over the Defendants. *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84–85 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)).

The only basis for personal jurisdiction asserted here is the PSA's forum selection clause, and Plaintiff argues that it is Defendants' burden to "rebut the presumption of enforceability" of that clause. (Opp'n at 5.) But Plaintiff has the law backwards: a forum selection clause is presumptively enforceable only if, among other requirements, "the claims and parties involved in the suit are subject to the forum selection clause." *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014). Here, the parties dispute whether the PSA entitles Plaintiff to enforce the forum selection clause; thus, it remains Plaintiff's burden to establish that the forum selection clause actually applies. The Court finds that Plaintiff has not done so.

"[G]enerally only parties in privity of contract may enforce terms of the contract such as a forum selection clause." *Freeford Ltd. v. Pendleton*, 53 A.D.3d 32, 38 (1st Dep't 2008).[4] Courts make an exception, however, when a party qualifies as an intended third-party beneficiary of the contract under which he seeks to bring suit. *Madeira v. Affordable Hous. Found., Inc.*, 469 F.3d 219, 251 (2d Cir. 2006) ("[T]o succeed on a third party beneficiary theory, a non-party must be the intended beneficiary of the contract, not an incidental beneficiary to whom no duty is owed."); *Freeford Ltd.*, 53 A.D.3d at 39. To determine whether a party is an intended third-party beneficiary, a court "should consider the circumstances surrounding the transaction as well as the actual language of the contract." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 52 (2d Cir. 2012).

Here, the negating clause in the PSA reflects the clear intent of the contracting parties to disclaim any third-party beneficiary rights not covered by an exception to Section 11.12. Moreover, the only exception arguably applicable to Plaintiff is the clause "[e]xcept as provided hereinbelow" (PSA § 11.12), which – at least conceivably – was intended to reference not only the

---

[4] Because the PSA includes a New York choice-of-law provision (PSA § 11.14), New York law applies to "interpretive questions posed by" the forum selection clause. *See Martinez*, 740 F.3d at 217–18. The parties do not dispute this.

specific exceptions carved out later in Section 11.12, but also any third-party rights discussed "later in th[e] document," *see Black's Law Dictionary* 842 (10th ed. 2014) (defining "hereinafter"), namely, Plaintiff's broker fee referenced in Schedule 3.19 appended to the end of the PSA (Doc. No. 46-4, Hanson Decl. Ex. D).  While Defendants' narrower reading of Section 11.12 is the more plausible interpretation, the Court concluded in its February 1 opinion that the clause was ambiguous and allowed Plaintiff to submit extrinsic evidence of a broader intent in light of the Second Circuit's holding in *Bayerische Landesbank*, in which the Circuit found "herein" to be an ambiguous term that could be read to refer either to the section containing the term or to the whole agreement, 692 F.3d at 53–54.

Following jurisdictional discovery, Defendants have submitted the declaration of Mark J. Hanson in support of their narrow reading of Section 11.12.  (Doc. No. 46.)  Under penalty of perjury, Mr. Hanson, an attorney who represented Defendants in connection with the drafting of the PSA, states that the "hereinbelow" clause "was meant to except the indemnitees and the 'Class B Investor'" – i.e., the persons explicitly referenced in Section 11.12 – "from the negating language of Section 11.12."  (Doc. No. 46, Hanson Decl. ¶¶ 2, 9.)  Specifically, Mr. Hanson explains that "[b]ecause the PSA indemnitees and Antrim, who is the Class B Investor, were not signatories to the PSA, Milbank [who represented investors in the transaction] proposed an exception to the negating language found in Section 11.12 that allowed the indemnitees and the Class B Investor – Antrim – to sue under the contract as third-party beneficiaries."  (*Id.*)  Thus, "[t]he 'hereinbelow' language in the clause was used only to flag the exception found at the end of the clause, and for no other reason."  (*Id.*)

Plaintiff has offered no evidence that rebuts Mr. Hanson's explanation or supports Plaintiff's contrary interpretation of Section 11.12.  Its opposition focuses instead on evidence that Plaintiff "was intimately involved in the details of the transaction from its inception," "participated

7

in the transaction's negotiations," and "was involved in closing discussions."  (Opp'n at 9–10.)  Even if true, however, these facts are largely irrelevant given the existence of the PSA's negating clause.  Put simply, absent an exception to the negating clause, Plaintiff could have been the most "intimately involved" broker in the history of brokered deals, but the PSA would entitle it to nothing as a non-party.  *See India.Com, Inc. v. Dalal*, 412 F.3d 315, 322 (2d Cir. 2005) ("[T]he mention of [a third party] in the contract as a broker entitled to a commission is insufficient to confer third-party status where the parties themselves are explicit that they did not intend to create third-party beneficiaries.").  Thus, the only relevant evidence here is proof of the parties' intent with respect to Section 11.12's "hereinbelow" clause.

On that issue, Plaintiff has submitted an affidavit from Noam Berk, sole member of Plaintiff Dean Street Capital Advisors LLC, who, citing *Black's Law Dictionary*, testifies conclusorily that "'[h]ereinbelow' means anywhere later in this document" and "'anything' below in the document."  (Doc. No. 47, Berk Aff. ¶ 26.)  Mr. Berk does not claim to have been involved in the drafting of the PSA and does not explain why he is competent to testify to the intent of those who were.  Nor does Mr. Berk assert that Defendants or their representatives ever told him that the PSA would confer rights on Plaintiff or that the PSA's negating clause would carve out a right for Plaintiff to enforce the PSA.  Since the Court can review *Black's Law Dictionary* on its own, the Court cannot (and will not) consider Mr. Berk's otherwise conclusory and incompetent testimony on the meaning of "hereinbelow."  *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) ("[Rule 56]'s requirement that affidavits be made on personal knowledge is not satisfied by assertions

made 'on information and belief.' . . . Nor is a genuine issue created merely by the presentation of assertions that are conclusory.")

Because Plaintiff has offered no evidence to rebut Mr. Hanson's testimony – which, in addition to being logical, accords with the more natural reading of the PSA – the Court finds that there can be no dispute that the "hereinbelow" clause was intended to reference only those persons specifically mentioned later in Section 11.12, namely, "any Person entitled to indemnity under Article IX" and "the Class B Investor." (PSA § 11.12 (emphasis removed).) Accordingly, the Court finds that Plaintiff is not a third-party beneficiary entitled to enforce the PSA's forum selection clause against Defendants, and Defendants are entitled to summary judgment dismissing Plaintiff's claims for lack of personal jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT Defendants' motion for summary judgment is granted, and this case is dismissed. The Clerk of the Court is respectfully directed to terminate the motion pending at docket number 44 and to close this case.

SO ORDERED.

Dated:    February 2, 2017
              New York, New York

                                          RICHARD J. SULLIVAN
                                          UNITED STATES DISTRICT JUDGE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/2/17